# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Luke A. Nickerson,

                     Petitioner,          Case No. 16-cv-11151
                                          Hon. Judith E. Levy
v.                                        Mag. Judge Elizabeth A. Stafford

Department of Community Health
Center for Forensic Psychiatry, *et
al.*,

                     Respondents.

_____/


## OPINION AND ORDER GRANTING THE MOTION FOR IMMEDIATE CONSIDERATION [2], SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS [3], AND DENYING A CERTIFICATE OF <u>APPEALABILITY</u>

Luke A. Nickerson is confined at the Center for Forensic Psychiatry in Saline, Michigan. A petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by Mr. Nickerson and/or his mother, Beverly Nettles.[1] (Dkt. 1.) Petitioner also filed a motion for

---

[1] For the purposes of this opinion and order, Petitioner refers to Mr. Nickerson and/or his mother, because it is unclear whether Mr. Nickerson is aware that his mother, the only person to sign the petition, is attempting to act on his behalf. Mr. Nickerson did not sign the petition, and Ms. Nettles failed to allege or present evidence that Mr. Nickerson is incompetent or incapable of bringing a habeas

immediate consideration (Dkt. 2), and then an amended petition ("petition") on April 7, 2016. (Dkt. 3.) Petitioner challenges Mr. Nickerson's continued detention at the Forensic Center for Psychiatry after his commitment to the institution following his plea of not guilty by reason of insanity to several criminal offenses.

For the reasons that follow, the motion for immediate consideration (Dkt. 2) is granted, and the petition for writ of habeas corpus is summarily dismissed without prejudice.

I. **Background**

Mr. Nickerson was charged in the Ingham County Circuit Court with fleeing and eluding a police officer, felonious assault, and failure to stop at the scene of an accident. He was initially found incompetent to stand trial and was referred to the Hawthorne Center for treatment, but was later found competent to stand trial on December 14, 2015.

On December 28, 2015, Mr. Nickerson pleaded not guilty by reason of insanity. He was on bond at the time, but was not committed to the Center for Forensic Psychiatry for a mandatory evaluation until

---

petition on his own behalf. She is thus not entitled to act as "next friend" on his behalf in this matter. *See Tate v. United States*, 72 F. App'x 265, 267 (6th Cir. 2003). In any case, the petition is dismissed on other grounds.

January 9, 2016, because the Center lacked the space to accommodate him.

Petitioner claims that under Michigan law, the Center for Forensic Psychiatry had sixty days from the date of Mr. Nickerson's plea to conduct their evaluation. Petitioner claims that Mr. Nickerson is being illegally held beyond the sixty day evaluation period under Michigan law. Petitioner seeks Mr. Nickerson's immediate release.

## II.   Discussion

The petition is dismissed because Mr. Nickerson has not exhausted available state court remedies.

As a threshold matter, Petitioner filed the writ under § 2241(c)(3) rather than § 2254. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The Sixth Circuit has noted that "numerous federal decisions . . . support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under [§ ]2254 and subject to [the Antiterrorism and Effective Death Penalty Act]'s restrictions." *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006) (emphasis in original).  The basic rationale behind these decisions is that § 2254 is the more specific provision governing habeas petitions that challenge state court judgments and thus applies.  *See, e.g.*, *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 279 n.4 (2d Cir. 2003) (quoting *Coady v. Vaughn,* 251 F.3d 480, 484-85 (3rd Cir. 2001)).  In any case, under either provision Mr. Nickerson failed to exhaust his state court remedies.

Generally, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court.  28 U.S.C. § 2254(b), (c); *see Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Foster v. Withrow*, 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001) ("It is well settled that a prisoner filing a petition for

4

writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies."). Exhaustion "is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition, see *Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009), and must be raised by the Court *sua sponte. Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Habeas petitions that contain unexhausted claims must be dismissed. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). And even though Petitioner is attempting to challenge Mr. Nickerson's confinement under 28 U.S.C. § 2241, Petitioner is not excused from the exhaustion requirement. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) ("[Petitioner] argues that his challenge is rather to the execution of his sentence, a challenge properly brought under 28 U.S.C. § 2241. We decline to decide this question because under either of these sections[, § 2241 or § 2254,

5

Petitioner] is required first to exhaust his state court remedies"). But there is no indication here that Mr. Nickerson did so.

In Michigan, a person who has been committed to a mental hospital for evaluation after being found not guilty by reason of insanity, such as Mr. Nickerson, can challenge his continued detention by filing a state petition for writ of habeas corpus. *See Billingsley v. Birzgalis*, 20 Mich. App. 279, 282-83 (1969). Petitioner argues that it would be futile for Mr. Nickerson to exhaust his state court remedies because all of the judges in the Ingham County Circuit Court must recuse themselves from deciding any issues involving Ms. Nettles, a former Ingham County Circuit Court judge, to avoid the appearance of impropriety. Petitioner argues that this would also apply to Mr. Nickerson. But under Michigan Court Rule 3.303(A)(2), the habeas action must be brought in the court of the county where Mr. Nickerson is detained, in this case Washtenaw County Circuit Court, alleviating any such concern.

Should the circuit court deny the writ, Mr. Nickerson could challenge the denial by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *See Triplett v. Deputy*

6

*Warden, Jackson Prison*, 142 Mich. App. 774, 779-80 (1985). And should the Michigan Court of Appeals deny the writ, Mr. Nickerson could file an application for leave to appeal to the Michigan Supreme Court. Until Mr. Nickerson exhausts these state court remedies, this Court cannot consider Petitioner's claims on the merits. The petition is therefore dismissed.

## III.   Conclusion

The Court summarily dismisses the petition for writ of habeas corpus without prejudice and denies a certificate of appealability.

In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require

7

a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).

When "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. at 484. Jurists of reason would not find it debatable whether Mr. Nickerson failed to exhaust an available state court remedy. An appeal is thus unwarranted, *id.*, and a certificate of appealability denied.

IT IS SO ORDERED.

Dated: April 15, 2016                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2016.

                                         s/Felicia M. Moses
                                         FELICIA M. MOSES
                                         Case Manager